UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| ERIC CHRISTOPHER WRIGHT<br><br>    Plaintiff,<br><br>V.<br><br>FAYETTE CO. DET. CENTER, *et al.*,<br><br>    Defendants. | Civil Action No. 5: 20-276-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Eric Christopher Wright is an inmate currently confined at the Logan County Detention Center in Russellville, Kentucky. Proceeding without an attorney, Wright has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at the Fayette County Detention Center ("FCDC"). [R. 1][1] Although Wright has not paid the $350.00 filing fee and the $50.00 administrative fee, he has filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). [R. 3] However, Wright's fee motion is not supported by a certificate of inmate account that is certified by prison staff as required by 28 U.S.C. § 1915(a)(2).[2]

Even so, the Court may conduct a preliminary review of Wright's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1] Wright originally filed his complaint in the United States District Court for the Western District of Kentucky. However, after determining that proper venue lies in the Eastern District of Kentucky, the Court in the Western District transferred the case to this Court. [R. 5]

[2] Federal law requires that a motion to pay the filing fee in installments filed pursuant to § 1915 must be accompanied by "a *certified* copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint…, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). The financial information submitted by Wright in support of his motion [R. 4] is not certified by prison staff.

defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Wright's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Wright alleges that, on April 22, 2019, he was given a urine drug screen at the FCDC by Sergeant Abney. Wright states that, although he was negative for the tested substances, he was written up by Sergeant Abney for possession of dangerous contraband and place in segregation for 30 days. He claims that his mat and linens were taken from him during the hours of 7:00 AM until 11:00 PM while he was in segregation, which he thinks is cruel and unusual punishment for his offense. He also alleges that a disciplinary hearing was conducted by Captain S. Campbell on May 13, 2019, and he was found guilty despite the clear evidence of his innocence. He states the he filed an appeal of the disciplinary hearing finding on May 15, 2019, but never got a response and he served the reminder of his time in solitary confinement with limited access to bedding. He claims that this was a misuse of power and the decision should have been overturned. He seeks monetary damages in the amount of $5,000.00.

However, Wright's complaint must be dismissed for failure to state a claim for relief. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v.*

*Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Although Wright does not specify the constitutional provision that he claims has been violated, the Court will liberally construe his complaint to allege a violation of the Eighth Amendment based on his allegations of cruel and unusual punishment. However, Wright affirmatively indicates that he seeks to pursue his claims against Defendants Sergeant Jeremy Abney, Captain Shawn Campbell, and Major Dwight Hall in their official capacities only. [R. 1 at p. 2] An "official capacity" claim against a government official is not a claim against the officer arising out of his conduct as an employee of the government but is actually a claim directly against the governmental agency which employs him. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, to the extent that Wright seeks to bring claims against Defendants in their "official" capacities as employees of the Lexington-Fayette Urban County Government ("LFUCG"), such claims are construed as civil rights claims against the LFUCG.

However, while Wright claims that the actions of Defendants were wrongful, he does not assert that these actions were taken pursuant to an established policy of the LFUCG. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury.

3

*Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).  Wright points to no such policy in his complaint, and these claims are therefore subject to dismissal for failure to state a claim.  *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

The Court cannot create claims that Wright has not made.  Thus, his affirmative choice to bring his claims against Defendants solely in their official capacities requires that these claims be dismissed for failure to state a claim for which relief may be granted.  *See Popejoy v. Edwards*, No. 20-5001 (6th Cir. Jul 14, 2020) (affirming dismissal of complaint for failure to state a claim where plaintiff checked a box on the complaint form to indicate that he was suing the defendants in their official capacities, but did not check a second box to indicate that he was suing them in their individual capacities as well, and further failed to allege that the defendants' actions were the result of an official county policy or custom).

In addition, even if Wright had sought to bring individual capacity claims against the Defendants, his claims would be untimely.[3]  Wright's claims alleging violations of federal constitutional law are brought against Defendants pursuant to 42 U.S.C. § 1983.  Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a), applies to civil rights claims asserted

---

[3] The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening.  *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.")

4

under 42 U.S.C. § 1983. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Thus, a § 1983 claim alleging a violation of constitutional law must be commenced within one year after the cause of action accrues. KRS § 413.140(1)(a).

A cause of action accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)). *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

Wright's complaint affirmatively states that the events giving rise to the complaint occurred from April 22, 2019, through his subsequent 30-day confinement in segregation, which, based on his complaint, would have ended on or around May 22, 2019. Thus, Wright's constitutional claims accrued (at the very latest) in May 2018. However, Wright did not deliver his complaint to the prisoner mailing system for mailing until June 21, 2020, approximately a year and a month after the events occurred and one month after the expiration of the statute of limitations. Ky. Rev. Stat. § 413.140(1)(a).[4] Thus, even if he had sought to bring claims against the Defendants in their respective individual capacities, these claims would be dismissed as untimely.

---

[4] Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters). Wright's complaint affirmatively states that it was delivered to the prisoner mail system for mailing on June 21, 2020. [R. 1 at p. 6]

For all of these reasons, Wright's complaint will be dismissed. Accordingly, **IT IS ORDERED** that:

1. Wright's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Wright's motion for leave to proceed *in forma pauperis* [R. 3] is **DENIED AS MOOT**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the Court's docket.

Dated July 28, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY